FILED
2005 Sep-27 AM 10:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

| | |
|---|---|
| N. WYNONA GAMBRILL and <br> TERRY W. GAMBRILL, <br>       Plaintiffs, <br> v. <br> CENTRAL UNITED LIFE INSURANCE <br> COMPANY, a corporation; and <br> DOUGLAS MITCHELL KRAFT, <br> an individual, <br>       Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO.: <br> ) <br> ) CV-04-0001-RRA-NE <br> ) <br> ) <br> ) <br> ) <br> ) |

## **MEMORANDUM OPINION**

On September 14, 2005, Magistrate Judge Armstrong entered an order remanding this case to state court, but withholding its effectuation for ten days to give defendants an opportunity to seek review by a district judge. Objections were filed by both the diverse and the non-diverse defendants on September 23, 2005. Those objections have brought this matter to the undersigned district judge. The court has conducted a de novo review of the magistrate judge's remand order, as well as the entire court file. The court has also considered defendants' objections. The court hereby **ADOPTS** and **ACCEPTS** the statements and conclusions in the magistrate judge's order, and **OVERRULES** defendants' objections, for the reasons now stated.

In their objections, the defendants insist that the magistrate judge was incorrect in considering the second amended complaint when determining whether the case was removable. A review of the record shows that defendants pointed out that the individual defendant's alleged fraud was not pled with the particularity required. The magistrate judge deemed that a valid objection, and required plaintiff to cure the deficiency by filing a more definite statement of the individual's alleged fraud.

In response, plaintiff filed a second amended complaint. Although the undersigned concludes that the magistrate judge properly considered the second amended complaint when determining whether removal was appropriate, the court believes that a mere Rule 9(b) deficiency in a complaint against a non-diverse defendant does not add up to fraudulent joinder. The presumption against removal gives the plaintiff the benefit not only of his complaint as initially stated against a non-diverse defendant, but what he might say in an amended complaint to meet the pleading standard of Rule 9(b). See this court's opinion of September 22, 2005, in *Dunn v. Trugreen*, CV-05-AR-1857-S.

This court is convinced that an "arguable" claim of fraud has been stated against the non-diverse defendant. As the magistrate judge pointed out in his opinion, "federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380-1381 (11th Cir. 1998).

A separate order of remand will be entered.

**DONE** this 27th day of September, 2005.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE